DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Eugene Kay has appealed from his convictions in the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} Police were summoned to Bianca Chastain's apartment in the early morning hours of November 23, 2005. Chastain had phoned police to inform them that Appellant had just assaulted Melissa Pyles in Chastain's apartment. Appellant has not disputed that this assault occurred.
 {¶ 3} As a result of the events of November 23, 2005, Appellant was charged as follows: one count of aggravated burglary in violation of R.C. *Page 2 2911.11(A)(1); one count of burglary in violation of R.C. 2911.12(A)(1); and one count of assault in violation of R.C. 2903.13(A). Appellant pled not guilty to the charges against him and the matter proceeded to a bench trial. During the trial, Appellant did not contest the assault charge. Rather, Appellant argued in his Crim.R. 29 motion that the State failed to meet its burden on the burglary charges. The trial court disagreed and found Appellant guilty of all the charges against him. The trial court then merged the burglary charges and sentenced Appellant to four years in prison. Appellant has timely appealed his burglary convictions, raising one assignment of error for review.
 II Assignment of Error "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS OF GUILT ON THE AGGRAVATED BURGLARY AND BURGLARY COUNTS OF THE INDICTMENT, AND APPELLANT[']S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his sole assignment of error, Appellant has argued that the State produced insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence. Specifically, Appellant has asserted that the State produced insufficient evidence to prove that he trespassed into the victim's apartment with the purpose to commit a criminal offense. This Court disagrees. *Page 3 
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency. *Page 4 
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} Appellant was convicted of aggravated burglary, in violation of R.C. 2911.11(A)(1), which provides in pertinent part:
 "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]"
Additionally, R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." *Page 5 
Finally, R.C. 2911.21(A)(1) defines criminal trespass in terms of the following: "(A) No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]" (emphasis added).
 {¶ 8} The majority of the facts of this case are undisputed. On the evening of November 22, 2005, Appellant and his former girlfriend (and mother of his child), Melissa Pyles, were involved in an argument. Police were summoned by a neighbor and Appellant was asked to leave the apartment, an apartment leased by Bianca Chastain.
 {¶ 9} In the early morning hours of November 23, 2005, Appellant returned to the apartment following a phone conversation with Wellington Gregg. At the time of the call, Gregg was at Chastain's apartment and when Appellant arrived, Gregg let him inside the apartment. Within one minute of entering the apartment, Appellant began to assault Pyles. Appellant hit Pyles with his can of beer and then repeatedly beat her with his fists. Appellant then dragged Pyles into the kitchen of the apartment by her hair and eventually back in the living room. The assault ended when Gregg eventually intervened.
 {¶ 10} Chastain left the apartment during the assault to call the police. Prior to leaving, Chastain heard Appellant state that he would not stop beating Pyles until she was dead. Chastain also screamed at Appellant prior to leaving, ordering him out of the apartment. Chastain also heard Appellant rummaging through drawers in the kitchen. During his own testimony, Appellant admitted *Page 6 
that he may have grabbed a knife during the assault but could not remember the assault clearly because he was intoxicated. Upon returning to the apartment, Chastain found Pyles in the apartment, bloody and bruised. Appellant, Gregg, and several other men who were present during the assault had all left the apartment. Officers arrived a short time later. The officers viewed and photographed Pyles' injuries.
 {¶ 11} Appellant does not dispute that the above events occurred. Appellant, however, has asserted that the above facts do not support a burglary conviction. Specifically, Appellant has asserted that he was not trespassing because he was invited into the home. We disagree.
 {¶ 12} Under the circumstances of this case, even assuming lawful initial entry, the trier of fact "was justified in inferring from the evidence that appellant's privilege to remain in [the] home terminated the moment he commenced his assault[.]" State v. Steffen (1987),31 Ohio St.3d 111, 115. From the undisputed fact that Appellant assaulted Pyles within one minute of entering the apartment, "appellant was no longer privileged to remain in [the] home, and * * * he knew his privilege had been terminated." Id. Moreover, Chastain's testimony that she ordered Appellant to leave the home when he began to assault Pyles was undisputed. The remaining evidence demonstrates that Appellant stayed in the apartment, assaulting Pyles. As such, the State demonstrated the force and *Page 7 
trespass elements of aggravated burglary. See Id. (affirming the defendant's conviction of aggravated burglary).
 {¶ 13} Like the defendant in Steffen, Appellant presented evidence that his initial entry was lawful. Also like the defendant inSteffen, that privilege was revoked when Appellant began to assault Pyles and remained in the apartment despite being ordered to leave. Accordingly, we cannot say that the trial court lost its way in convicting Appellant of aggravated burglary. As the elements of burglary are encompassed by the elements of aggravated burglary, the trial court did not err in finding Appellant guilty of the lesser charge of burglary as well.
 {¶ 14} Accordingly, Appellant's convictions were not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's sole assignment of error lacks merit.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into *Page 8 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J., DICKINSON, J. CONCUR. *Page 1